**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**


KEVIN MARTIN MITCHELL, SR.,
ADC #500399                                                                                        PLAINTIFF

V.                                         1:13CV00092 KGB/JTR

KATHERINE KING, LPN,
Maximum Security Unit, ADC                                                               DEFENDANT


**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District

Judge Kristine G. Baker.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or

legal basis for the objection.  If the objection is to a factual finding, specifically

identify that finding and the evidence that supports your objection.  An original and

one copy of your objections must be received in the office of the United States District

Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file

timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing
        before the United States District Judge was not offered at
        the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony
        or other evidence (including copies of any documents)
        desired to be introduced at the requested hearing before the
        United States District Judge.

From this submission, the United States District Judge will determine the necessity

for an additional evidentiary hearing, either before the Magistrate Judge or before the

District Judge.

    Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

## I.  Introduction

    Plaintiff, Kevin Martin Mitchell, Sr., is a prisoner in the Cummins Unit of the

Arkansas Department of Correction ("ADC").  He has filed this *pro se* § 1983 action

alleging that Defendant LPN Katherine King failed to provide him with

constitutionally adequate medical care for back injuries he sustained during a September 9, 2013 fall from a broken prison bench.

Defendant King has filed a Motion for Summary Judgment arguing that this case must be dismissed without prejudice because Plaintiff failed to properly exhaust his administrative remedies.[1]  *Docs. 22, 23, 24 & 34.*  Plaintiff has filed a Response. *Docs. 30, 32, & 33.*  For the following reasons, the Court recommends that the Motion be granted, and this case dismissed, without prejudice.

## II.  Discussion

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving

---

[1]   Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact.  *Celotex,* 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial.  *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural exhaustion requirements of the incarcerating facility. *Id.*

To fully exhaust administrative remedies about a medical matter, an ADC prisoner must file: (1) an informal resolution with the medical staff; (2) a grievance with the Health Services Administrator, if the attempt at informal resolution is unsatisfactory; and (3) an appeal to the ADC Deputy Director for Health and Correctional Programs. *Doc. 23, Ex. A* (ADC Adm. Dir. 12-16 § IV(E) through (G)

(May 28, 2012)). Importantly, the ADC's exhaustion policy advises prisoners that their federal lawsuit may be dismissed if they fail to comply with those requirements. *Id.*

On September 10, 2013, Plaintiff filed grievance GR 13-1792 alleging, among other things, that unnamed medical personnel failed to provide him with adequate medical care for his back injuries.[2] *Doc. 6.* That grievance was denied. On appeal, Plaintiff specifically named Defendant King and alleged that she failed to properly treat his back injuries. *Id.* The ADC Deputy Director denied the appeal, which is the final step of the ADC grievance procedure, on November 20, 2013 – which was *one month after* Plaintiff commenced this lawsuit on October 21, 2013. *Docs. 2 & 6.* As previously explained, a prisoner must *complete all steps* of the prison's grievance procedure *before* filing a lawsuit in federal court. *See Woodford*, 548 U.S. at 90; *Johnson*, 340 F.3d at 627; *Graves*, 218 F.3d at 885. Plaintiff did not do so. Thus, grievance GR 13-1792 is not proper exhaustion.

On September 28, 2013, Plaintiff filed an unnumbered informal resolution alleging that unspecified medical personnel were inadequately treating his back

---

[2] It is undisputed that GR 13-1792 is the *only* fully exhausted grievance Plaintiff filed about the alleged inadequate medical care Defendant King provided for his back. Defendant has included GR 13-1787 in her summary judgment papers. *Doc. 23*, *Ex. C.* However, GR 13-1787 is *irrelevan*t because it deals with Plaintiff's request to be removed from the hoe squad due to sun sensitivity – and *not* the allegedly inadequate medical care claim Defendant King provided for his back injuries.

injuries.[3] *Doc. 5.* However, Plaintiff did not follow that informal resolution with a grievance or appeal, as he was required to do by the ADC's grievance procedure. Thus, the September 28, 2013 informal resolution is not proper exhaustion.

In an effort to avoid dismissal, Plaintiff explains that he did not properly exhaust his administrative remedies because a nurse, who is not a defendant in this lawsuit, told him it was unnecessary to use the ADC's exhaustion procedure after he filed his complaint in federal court. *Doc. 33.* It, however, is well settled that a prisoner's subjective and possibly incorrect understanding of the prison grievance process is irrelevant to a determination of whether there has been proper exhaustion. *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000). Importantly, this holds true even if the prisoner alleges that prison personnel misinformed about the prison's exhaustion procedure. *See Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (holding that prisoners were not excused from the PLRA's exhaust requirement when prison officials erroneously instructed inmates to "voice all complaints regarding medical care informally to medical personnel," instead of using the prison's grievance procedure); *see also Hahn v. Armstrong,* Case No. 10-1785, 2011 WL 135740 (8th Cir. Jan. 18, 2011) (unpublished decision) (holding that "erroneous legal advice" did not excuse an inmate's failure to

---

[3] Informal resolutions and grievances are filed on the same from. The ADC does not give the form an administrative number until the informal resolution becomes a grievance.

timely and properly comply with a prison's grievance procedure).

Accordingly, ths case must be dismissed, without prejudice, because Plaintiff failed to properly exhaust his administrative remedies. *See Jones,* 549 U.S. at 211 (emphasizing that: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendant's Motion for Summary Judgment (*Doc. 22)* be GRANTED, and this case DISMISSED, WITHOUT PREJUDICE.

2.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 7<u>th</u> day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE